**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

ANA ARGUETA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

      Plaintiff,

v.

OM SAI RAM, INC.
d/b/a BETHESDA MARKET
4611 Sangamore Road, Suite D
Bethesda, MD 20816
(Montgomery County)

VIJAY MHERA
3714 Sprigg Street N
Frederick, MD 21704
(Frederick County)

SONOO CHANDAR
3714 Sprigg Street N
Frederick, MD 21704
(Frederick County)

HARI KISHAN MHERA
3714 Sprigg Street N
Frederick, MD 21704
(Frederick County)

MEENA MHERA
3714 Sprigg Street N
Frederick, MD 21704
(Frederick County)

      Defendants.

Civil Action No. _____

**COMPLAINT**

# COMPLAINT

1.      While Plaintiff worked at Defendants' restaurant, Defendants failed to pay her overtime wages for her overtime hours.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

3.      On January 14, 2020, Plaintiff sent Defendants a demand letter in an attempt to resolve this matter prior to litigation. However, the parties were unable to resolve their dispute.

## Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

6.      Plaintiff Ana Argueta is an adult resident of Montgomery County, Maryland.

7.      Defendant Om Sai Ram, Inc. is a Maryland corporation. It does business as Bethesda Market. Its principal place of business is located at 4611 Sangamore Road, Suite D, Bethesda, MD 20816. Its resident agent for service of process is Hari K. Mhera, 3714 Sprigg Street N, Frederick, MD 21704.

8.      Defendant Vijay Mhera is an adult resident of Maryland. He resides at 3714 Sprigg Street N, Frederick, MD 21704. He is an owner and officer of Defendant Om Sai Ram, Inc. He exercises control over the operations of Om Sai Ram, Inc. — including its pay practices.

9.      Defendant Sonoo Chandar is an adult resident of Maryland. She resides at 3714 Sprigg Street N, Frederick, MD 21704. She is an owner and officer of Defendant Om Sai Ram, Inc. She exercises control over the operations of Om Sai Ram, Inc. — including its pay practices.

10.     Defendant Hari Kishan Mhera is an adult resident of Maryland. He resides at 3714 Sprigg Street N, Frederick, MD 21704. He is an owner and officer of Defendant Om Sai Ram, Inc. He exercises control over the operations of Om Sai Ram, Inc. — including its pay practices.

11.     Defendant Meena Mhera is an adult resident of Maryland. She resides at 3714 Sprigg Street N, Frederick, MD 21704. She is an owner and officer of Defendant Om Sai Ram, Inc. She exercises control over the operations of Om Sai Ram, Inc. — including its pay practices.

12.     Upon information and belief, Defendants Vijay Mhera and Sonoo Chandar are married.

13.     Upon information and belief, Defendants Hari Kishan Mhera and Meena Mhera are married.

14.     Upon information and belief, Defendants Hari Kishan Mhera and Meena Mhera are Defendant Vijay Mhera's parents.

## Factual Allegations

15.     Defendants own and operate the restaurant Bethesda Market, located at 4611 Sangamore Road, Suite D, Bethesda, MD 20816.

16.     Plaintiff worked at Bethesda Market from approximately December 18, 2013 through approximately December 7, 2019.

17.     Plaintiff worked at Bethesda Market as a kitchen laborer.

18.    Plaintiff's job duties at Bethesda Market primarily consisted of preparing and cooking food, and taking customers' food orders.

19.    Plaintiff typically and customarily worked approximately forty–six and a half hours per week.

20.    Shortly after she started working at Bethesda Market, Defendant Vijay Mhera provided Plaintiff with the following letter:

---

Bethesda Market

4611-D Sangamore Road

Bethesda MD 20816

Thursday, January 30th, 2014

RE: Ana Argueta

To whom it may concern,

This letter is to confirm that Ana Argueta has been working at Bethesda Market for the past 2-3 months. She works roughly 45 weeks on average per week. If you have any questions, please feel free to get in contact with me via email or phone.

Kind regards

DANIEL OGAR
Notary Public
Montgomery County
Maryland
My Commission Expires Oct 22,2017

Vijay Mhera

Bethesda Market

301-299-6735

Bethesdamarket12@gmail.com

---

21.    At all relevant times, Defendants paid Plaintiff by the hour.

22.    At all relevant times, Defendants paid Plaintiff $12.75 per hour.

23.    At all relevant times, Defendants paid Plaintiff in cash.

24.     Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

25.     Defendants paid Plaintiff the same regular hourly rate across all hours worked.

26.     Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

27.     For her work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $6,374.15 in overtime wages (excluding liquidated damages).

28.     Defendant Vijay Mhera personally hired Plaintiff.

29.     Defendant Sonoo Chandar personally fired Plaintiff.

30.     Defendants Vijay Mhera and Sonoo Chandar set Plaintiff's work schedule.

31.     Defendants Vijay Mhera and Sonoo Chandar set Plaintiff's hourly rate.

32.     Defendants Vijay Mhera, Sonoo Chandar, Hari Kishan Mhera, and Meena Mhera all supervised Plaintiff.

33.     Defendants Vijay Mhera, Sonoo Chandar, Hari Kishan Mhera, and Meena Mhera all handed Plaintiff her weekly payment at some point during her employment.

34.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

35.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

36.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

37.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

38.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

39.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

40.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

42.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

43.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

45.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

46.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

47.     Defendants' violations of the FLSA were willful.

48.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

49.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

50.     Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

51.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

52.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one work-week.

53.     Defendants' violations of the MWHL were willful.

54.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE MWPCL

55.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

56.     Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

57.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

58.     The MWPCL requires employers to timely pay an employee on regular pay days. Md.

Code, Lab. & Empl. Art. § 3-502.

59.     The "wages" required to be timely paid by the MWPCL include Overtime wages. Md.

Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md.

646, 654 (Md. 2014).

60.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all

wages due, including overtime wages.

61.     Defendants' violations MWPCL were willful.

62.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three

times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs,

and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against De-

fendants, jointly and severally, on all counts, in the current total amount of **$26,549.40**, and grant

the following relief:

a.      Award Plaintiff $19,122.45, consisting of the following overlapping elements:

  i.      unpaid overtime wages, plus an equal amount as liquidated damages, pur-

          suant to the FLSA, 29 U.S.C. § 216;

  ii.     unpaid overtime wages, plus an equal amount as liquidated damages, pur-

          suant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

  iii.    three times the amount of unpaid overtime wages, pursuant to the

          MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.        Award Plaintiff reasonable attorney's fees and expenses (currently $7,026.95.);

    d.        Award Plaintiff court costs (currently, $400.00); and

    e.        Award any additional relief the Court deems just.

Date: March 4, 2020                  Respectfully submitted,

                                  /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWageLaw
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

9