# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "**Agreement**") is entered into by and between Ana Argueta (hereinafter "**Plaintiff**"), on the one hand, and Om Sai Ram, Inc., Vijay Mhera, Sonoo Chandar, Hari Kishan Mhera, and Meena Mhera (hereinafter "**Defendants**"), on the other hand, on March 21, 2020, in accordance with the following Recitals, Terms, and Conditions:

## RECITALS

WHEREAS, Plaintiff alleges that she was formerly an employee of Defendants;

WHEREAS, Plaintiff has alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

WHEREAS, Plaintiff filed a lawsuit captioned Argueta v. Om Sai Ram, Inc., et al., Case No. 20-cv-00589-CBD (hereinafter the "**Lawsuit**"), which Lawsuit and its claims are hereinafter collectively referred to as "**those Certain Claims**";

WHEREAS, Defendants deny all allegations of those Certain Claims; and

WHEREAS, the parties have agreed to resolve all of their respective differences regarding the Lawsuit, those Certain Claims, and any claims regarding the employment of Plaintiff.

**WITNESSETH NOW, THEREFORE**, Plaintiff and Defendants agree as follows:

### SETTLEMENT TERMS AND CONDITIONS

**1. CONSIDERATION**

Defendants agree to pay the total sum of $10,000.00, which payment is the full monetary consideration for this Agreement. An initial payment has already been made by a PNC Bank cashier's check No. 01482908 in the amount of $3,000. A second cashier's check shall be made as follows, delivered to DCWageLaw, located at 519 H Street NW, Washington, DC 20001:

| Received by: | Payable to: | Amount: |
|---|---|---|
| March 23, 2020 | "DCWageLaw" | $7,000.00 |

In the alternative, Defendant may pay the $7,000 by following the "Wire Instructions for Trust Account" in Attachment A.

Plaintiff and The Law Office of Justin Zelikovitz, PLLC (DBA "DCWageLaw") shall hold harmless and indemnify Defendants from any

2

claim or liability for taxes, penalties, interest, or costs arising as a result of the above-referenced payments.

**2.     SCOPE OF RELEASE**

Plaintiff acknowledges and agrees that this Agreement terminates all controversies of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to the Lawsuit and those Certain Claims, or any other claims relating in any way to Plaintiff's employment with Defendants. Counsel for Plaintiff agrees to file a Stipulation of Dismissal with prejudice of the Lawsuit within five (5) business days of the delivery of the payment described in Paragraph 1 of this Agreement.

**3.     RELEASE**

In exchange for the acceptance and receipt of such consideration as described in Paragraph 1, and for other good and valuable consideration, each Party, for itself and its respective past, present or future predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and employees, personal representatives, heirs and assigns, hereby releases, holds harmless, and forever discharges all other Parties to this Agreement and their respective past, present or future, predecessors, successors and assigns, parent entities, subsidiaries, affiliates, insurers, independent contractors, attorneys, servants, agents, and em-

3

ployees, personal representatives, heirs and assigns, from any and all claims, causes of action, suits, damages, expenses, costs, tax liabilities, attorney's fees and liabilities of every kind or nature whatsoever, whether direct or indirect, known or unknown, suspected or unsuspected, claimed or concealed, contingent or non-contingent, as of the date of this Agreement.

The claims, complaints, and causes of action released above include, but are not limited to the Lawsuit, any claims Plaintiff or Defendants may have relating in any way to Plaintiff's employment with Defendants, including without limitation any and all claims that Plaintiff might have arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and any other applicable federal, state, local, municipal, constitutional, or civil rights law, any common law, employment law, statutes, wrongful discharge statutes or rights of actions, human rights, rules, ordinances, and laws, as amended.

**4.      NO ADMISSION OF LIABILITY**

Plaintiff acknowledges and understands that Defendants expressly deny any and all liability of each and every sort to Plaintiff and expressly deny any legal responsibility to Plaintiff that was not fulfilled. It is further expressly un-

4

derstood and agreed by Plaintiff that this Agreement is made for purely economic reasons to terminate any and all disputes of any nature whatsoever between Plaintiff and Defendants as of the date of this Agreement, including but not limited to any controversies relating in any way to Plaintiff's employment with Defendants. Plaintiff understands and agrees that neither the payment of any sums of money nor this Agreement shall constitute or be construed as an admission of any liability on the part of Defendants, who expressly deny any wrongdoing or liability of any kind.

**5.     CONFIDENTIALITY**

a. Plaintiff agrees and promises that the existence, terms, and conditions of this Agreement (including, but not limited to, the fact and amount of payment), all communications relating to this Agreement, all facts, allegations, and documents relating to this Agreement (collectively the "Confidential Matters") shall not be described or discussed, or caused to be described or discussed in any manner, either verbally or in writing, directly or indirectly, with any person, organization, company, or entity without the prior written consent of Defendant.

b. Plaintiff agrees and promises to avoid any and all publicity with respect to the Confidential Matters, and specifically stipulates, agrees, and promises not to describe or discuss the Confidential Matters with any member of

5

the news media or any other person or entity, including, without limitation, current and former employees of Defendants. Plaintiff further agrees and promises not to encourage, facilitate, provoke, or otherwise support any claim by a third party, including, without limitation, current and former employees of Defendants, and she will not participate or aid in any civil litigation of any third-party claim against any of the Defendants, including providing a witness statement, declaration, affidavit, or testimony, unless compelled to do so by a lawful court order or subpoena. It shall not be a violation for Plaintiff to disclose Confidential Matters to her attorneys, health care practitioners and/or tax advisers, so long as such person(s) maintain the confidentiality of the information provided. In the event that Plaintiff is asked to comment on the resolution of this matter, this Agreement or any other Confidential Matters, Plaintiff shall say nothing more than that the matter has been resolved and concluded and, specifically, shall not refer in any manner to, nor make any suggestion about, the terms, conditions, or amounts paid, or to be paid, pursuant to the Agreement, or that any amount has been paid, whether in specific or general terms.

    c. Nothing in this confidentiality provision shall be construed as prohibiting any disclosure of information required by law.

Doc ID: f1810f875c941dc3e83401d3abadb3175e379dd7

6.      **REMEDIES FOR BREACH**

In the event Defendants establish Plaintiff has breached any provision of Paragraph 5 Defendants shall be entitled to the return by Plaintiff of all Consideration paid under this Agreement.  In addition, the Parties agree that actual damages suffered by Defendants as a result of a breach of any of Plaintiff's obligations under Paragraph 5 may be difficult to ascertain.  Therefore, in addition to the return of the Consideration paid by Defendants, the Parties agree that for each separate violation of Paragraph 5, Defendants shall be entitled to recover liquidated damages in the amount of $7,000.00 for each breach of the Agreement, and to all appropriate injunctive relief necessary to insure that future breaches do not occur.

6.     **WARRANTIES**

Plaintiff expressly agrees that this Agreement contains a full settlement and is fair, adequate, and reasonable. Plaintiff understands that this settlement is intended to resolve all disputes of any nature between Plaintiff and Defendants as of the date of this Agreement.

Plaintiff warrants that she has full knowledge of the terms, conditions, and effect of this Agreement and of Plaintiff's obligations under this settlement. Plaintiff acknowledges that the terms of this Agreement are contractual

Doc ID: f1810f875c941dc3e83401d3abadb3175e379dd7

and that no representations of fact or law or warranties concerning the same have been made to Plaintiff by Defendants. Plaintiff warrants that no other promise or inducement has been made or offered to Plaintiff, except as set forth in this Agreement, and warrants that this Agreement is executed without reliance upon any statements other than those contained herein.

In accepting the terms of this Agreement, Plaintiff represents that she has carefully read and understand the terms of this Agreement, and Plaintiff signs this Agreement of her own free will.

**7.    NON-DISPARAGEMENT**

From the date that this Agreement is executed, Plaintiff and Defendants agree and covenant that neither will make statements of any type to **any** third parties or entities that disparage the other covenanting party or otherwise bring the other covenanting party into disrepute.

**8.    CHOICE OF LAW AND FORUM**

This Agreement shall be governed and construed in accordance with the laws of Maryland.

**9.    CONSTRUCTION**

The terms of this Agreement are not to be construed against the party preparing it but are to be construed as if all of the parties hereto prepared it. If any provision of this Agreement is determined to be invalid or unenforceable,

8

the parties hereto agree that the invalid or unenforceable provisions shall be modified to the extent reasonably necessary to preserve the rights and obligations of the parties and the terms of this Agreement.

### 10. ATTORNEY'S FEES AND COSTS

If any party sues the other for enforcement or breach of this Agreement, the prevailing party shall receive its reasonable attorney's fees and costs for pursuing or defending said action.

### 11. SIGNATURE IN COUNTERPARTS

This Agreement may be signed in any number of counterparts. Each counterpart will be considered an original. Together, all counterparts form one single document.

**IN WITNESS WHEREOF**, we, Ana Argueta; Vijay Mhera; Sonoo Chandar; Hari Kishan Mhera; Meena Mhera; Om Sai Ram, Inc., set our hands and seals, evidencing our respective agreement to all of the terms of this Agreement.

03 / 21 / 2020
Date

*Ana Argueta* (SEAL)
Ana Argueta

3/25/2020
Date

*Vijay Mhera* (SEAL)
Vijay Mhera

Doc ID: f1810f875c941dc3e83401d3abadb3175e379dd7

CONFIDENTIAL SETTLEMENT AND RELEASE

3/25/20
Date

_____Sonoo_____ (SEAL)
Sonoo Chandar

3/25/2020
Date

_____ (SEAL)
Hari Kishan Mhera

3/25/2020
Date

_____Meena_____ (SEAL)
Meena Mhera

3/25/20
Date

_____Vijay Mhera_____ (SEAL)
Om Sai Ram, Inc.
By: VIJAY MHERA
Title: PRESIDENT

10